UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN JACKSON,

    Plaintiff,

v.                                                Case No. 8:22-cv-2416-AAS

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

## ORDER

Jonathan Jackson requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). (Doc. 15). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **REMANDED** for further consideration.

**I.    PROCEDURAL HISTORY**

Mr. Jackson applied for SSI on November 25, 2019, and alleged disability beginning on April 3, 2016. (Tr. 68). Disability examiners denied Mr. Jackson's application initially and after reconsideration. (Tr. 72, 93). At Mr. Jackson's

request, the ALJ held a hearing on November 2, 2021. (Tr. 33–66). The ALJ issued an unfavorable decision to Mr. Jackson on January 13, 2022. (Tr. 13–32).

On August 26, 2022, the Appeals Council denied Mr. Jackson's request for review, making the ALJ's decision final. (Tr. 1–7). Mr. Jackson requests judicial review of the Commissioner's final decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Mr. Jackson was forty-seven years old on his alleged onset date of April 3, 2016 and fifty-one years old on the date he applied for SSI on November 25, 2019. (Tr. 68). Mr. Jackson has a high school education and past relevant work as construction worker and tree trimming supervisor. (Tr. 248, 253).

### B.   Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. § 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 416.972.

2

physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. § 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. § 416.920(g).

The ALJ determined Mr. Jackson had not engaged in substantial gainful activity since November 25, 2019, his application date. (Tr. 19). The ALJ found Mr. Jackson has these severe impairments: osteoarthritis; diabetes mellitus; degenerative disc disease; depression; and substance abuse. (*Id.*). However, the ALJ concluded Mr. Jackson's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings.

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. § 416.945(a)(1).

(Tr. 19).

The ALJ found Mr. Jackson had an RFC to perform light work[4] except:

> [Mr. Jackson] can frequently crouch, crawl, kneel, stoop, climb stairs/ramps and can occasionally climb ladders/ropes/scaffolds. Mentally, the claimant is able to understand, remember, carry out, and exercise judgment for simple tasks, and can tolerate frequent interaction with co-workers and supervisors, and the interactions will be superficial and work related.

(Tr. 21).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Jackson could not perform his past relevant work. (Tr. 26). The ALJ then determined Mr. Jackson could perform other jobs existing in significant numbers in the national economy, specifically as a photocopy machine operator, housekeeper, and electrical accessories assembler. (Tr. 26). As a result, the ALJ found Mr. Jackson was not disabled from November 25, 2019, through the date of the ALJ's decision, January 13, 2021. (Tr. 27).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(6).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

5

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Mr. Jackson raises three issues on appeal. Mr. Jackson first argues the ALJ's finding that Mr. Jackson's allegations concerning his symptoms were not entirely consistent with the medical evidence in the record was unsupported by substantial evidence. (Doc. 15, p. 3). Mr. Jackson next argues the ALJ failed in his duty to develop the record fairly and fully. (*Id.* at 9). Last, Mr. Jackson argues the ALJ failed to properly evaluate the opinion of Mr. Jackson's vocational expert. (*Id.* at 12). Because remand is appropriate as to the first issue, the court's analysis starts—and ends—with consideration of the first issue.

### 1. The ALJ's Finding that Mr. Jackson's Allegations Concerning his Symptoms were Not Consistent with Medical and Other Evidence was Unsupported by Substantial Evidence.

Mr. Jackson argues the ALJ's conclusions on the intensity, persistence, and limiting effects of Mr. Jackson's symptoms were not supported by substantial evidence. (Doc. 15, pp. 3–9).

As noted in the ALJ's opinion, Mr. Jackson repeatedly reported to examiners that pain from his combination of impairments affected his ability to sleep and conduct household activities like chores. (Tr. 21–25, 263–64, 284–85). Mr. Jackson also reported over-the-counter pain medication like aspirin

6

was ineffective in lessening his symptoms of pain. (Tr. 284). Mr. Jackson repeated these allegations of pain during his hearing before the ALJ. (Tr. 46–47). Mr. Jackson further explained during the hearing that he lacked the ability to consistently seek treatment for his impairments because he could no longer afford the requisite co-pays under his insurance plan for his necessary treatment. (Tr. 48).

In his opinion, the ALJ discredited Mr. Jackson's subjective allegations of pain. (Tr. 22–24). The ALJ stated Mr. Jackson's "infrequent and sporadic" treatment history necessitated additional consultative examinations to adequately develop the record. (*Id.*). Even still, the ALJ found the medical record "contain[ed] somewhat sporadic and minimal evidence regarding [Mr. Jackson's] impairments" and concluded the objective medical evidence did not confirm the severity of Mr. Jackson's alleged pain. (Tr. 22).

The ALJ dismissed Mr. Jackson's statements on his inability to afford treatment as a justification for not seeking treatment. (Tr. 24). The ALJ concluded Mr. Jackson's explanation for his lack of treatment was insufficient because the record contained "no evidence [Mr. Jackson] has pursued any low-income health care options, which one might expect if [Mr. Jackson] truly were unable to work due to the symptoms alleged in this case." (*Id.*). Simultaneously, the ALJ suggested "if [Mr. Jackson's] symptoms were as severe as alleged, one would expect the need for more aggressive forms of

7

treatment such as surgery, inpatient hospitalization, frequent emergency department visits, or referrals to specialists, for both his physical and mental symptoms." (*Id.*).

The ALJ made no effort during the hearing to inquire further as to Mr. Jackson's efforts to obtain insurance. The ALJ's statements discrediting Mr. Jackson's lack of treatment history were mere conjecture as to what potential efforts Mr. Jackson could have undergone to obtain more cost-effective insurance. This is important because the ALJ heavily relied on Mr. Jackson's lack of treatment history to conclude the objective medical evidence failed to support Mr. Jackson's subjective allegations of pain. (Tr. 24). *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (concluding ALJs cannot make a holding "significantly based on a finding of noncompliance" that a claimant who does not follow prescribed treatment they cannot financially afford is not disabled).

The Commissioner responds that because the ALJ considered Mr. Jackson's history of medical treatment "together with the other evidence in evaluating his allegations," substantial evidence nonetheless still supports the ALJ's conclusions on Mr. Jackson's subjective allegations of pain. (Doc. 16, p. 13). But when an ALJ discredits a claimant's subjective testimony, his reasons must be "explicit and adequate." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ's failure to inquire further as to Mr. Jackson's efforts to

8

obtain more affordable insurance or otherwise attempt to monetarily afford necessary treatment options renders the ALJ's statements on Mr. Jackson's lack of treatment history inadequate.

The Commissioner further contends Mr. Jackson's argument is less persuasive given Mr. Jackson's past history of cigarette and alcohol use. (Doc. 16, p. 12). This argument is flawed in two ways. First, the ALJ himself did not offer this explanation for discrediting Mr. Jackson's claim of indigency as related to his inability to afford insurance. At no point in the ALJ's opinion does the ALJ reference Mr. Jackson's cigarette and alcohol use in relation to Mr. Jackson's ability to afford health insurance. The court thus declines to entertain this argument because "a post hoc rationale that 'might have supported the ALJ's conclusion'" cannot provide a basis for affirming an ALJ's opinion otherwise unsupported by substantial evidence. *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012)) (per curiam).

Second, the medical evidence in the record does not support the conclusion that Mr. Jackson was such a frequent user of alcohol and cigarettes as to conclude Mr. Jackson could afford health insurance if not for his use of alcohol and cigarettes. The record indicates Mr. Jackson quit smoking on October 13, 2021, and had been working to lighten his cigarette consumption for weeks prior. (Tr. 381, 392, 397). Though the medical record reflects yearly gaps in Mr. Jackson's income, nothing in the medical record shows how Mr.

9

Jackson was spending what infrequent and little income he did make. (Tr. 218–19). *See East v. Barnhart*, 197 F. App'x 899, 905 (11th Cir. 2006) (holding substantial evidence in the record supported the ALJ's discrediting of the claimant's testimony that she could not afford health insurance in part because the claimant used child support payments to purchase approximately 45 packs of cigarettes a month).

Without more information, substantial evidence does not support the ALJ's conclusion that Mr. Jackson's lack of treatment history is unattributable to his inability to afford health insurance. This means the ALJ's conclusion that the intensity, persistence, and limiting effects of his impairments was not as severe as Mr. Jackson alleged is not supported by substantial evidence. On remand, the ALJ should ensure any reasons for discrediting Mr. Jackson's subjective testimony regarding his ability to pay for health insurance are explicitly articulated and supported by substantial evidence.

**2. Remaining Issues**

Because remand is appropriate on the issue of whether the ALJ's decision that Mr. Jackson's allegations concerning his symptoms were not entirely consistent with medical and other evidence was unsupported by substantial evidence, the court declines to address Mr. Jackson's other arguments about the ALJ's duty to develop the record fairly and fully and the ALJ's evaluation of Mr. Jackson's vocational expert.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the plaintiff.

**ORDERED** in Tampa, Florida on July 26, 2023.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge